50 F.3d 1
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Joseph LUSSIER, Defendant, Appellant.
 No. 94-1005
 United States Court of Appeals,
First Circuit.
 Mar.29, 1995
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Ernest C. Torres, U.S. District Judge ]
 Joseph Lussier on brief pro se.
 Loretta C. Argrett, Assistant Attorney General, Robert E. Lindsay, Alan Hechtkopf, Michael E. Karam, Attorneys, Tax Division, Department of Justice, and Sheldon Whitehouse, United States Attorney, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant was adequately advised of his right to proceed pro se and his right to an appointed attorney.[1] He was further properly told that unless he waived the latter right, he would not be permitted to proceed pro se and an attorney would be appointed. Tuitt v. Fair, 822 F.2d 166, 167 (1st Cir.) (trial court may "insist that the right to go pro se be conditioned upon an express and unequivocal waiver of counsel"), cert. denied, 484 U.S. 945 (1987). Appellant refused to waive his right to counsel. Consequently, the district court did not err in appointing counsel for him.
 
 
 2
 Moreover, the district court did not abuse its discretion in refusing to permit Peter Van Daam to sit at counsel table, United States v. Lussier, 929 F.2d 25, 28 (1st Cir. 1991) ("no infirmity in the district court's exclusion of lay counsel from the proceedings"), or in not requiring appointed counsel to consult with Van Daam.
 
 
 3
 We have considered all of defendant's arguments and do not find any merit in his appeal.
 
 
 4
 Affirmed. See 1st Cir. R. 27.1.
 
 
 
 [1]
 In referring to appellant's right to be represented by an attorney, the district court at some times used the word "counsel" and at other times "attorney." The words were interchangeable in the particular context. To the extent appellant is contending otherwise, we find the argument specious